LINO PADRÓN RIVERA, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1254. Argued July 21, 1941.—Decided July 23, 1941.

Cayetano Coll y Cuchí and Diego O. Marrero for petitioner. Edelmiro Martínez Rivera for intervener, plaintiff in the main proceeding.

Mr. Justice De Jesús delivered the opinion of the court.

The People of Puerto Rico, at the instance of Luis A. Castro, filed, in the lower court, an information in the nature of quo warranto against Lino Padrón Rivera and alleged: That the relator, Luis A. Castro, by virtue of an appointment issued to him on September 11, 1931, has been holding the office of Secretary of the Capital at a salary of $4,500 per year; that on April 21, 1941, without the relator having resigned or abandoned said office of Secretary of the Capital and without his having been suspended or removed from his office by the City Manager, the defendant Lino Padrón was sworn in and took charge of the said office and has ever since been unlawfully holding the same and against the will of the relator. The relator went on to state the reason why, according to him, the defendant has no right or title to exercise the functions of the office in controversy, and closed his petition with the following prayer for relief:

"Wherefore, the relator respectfully prays that the present information in quo warranto be allowed and that the title or right under which the defendant, Lino Padrón Rivera, claims to exercise the functions of the office of the Secretary of the Capital, be investigated, and that after the relator and the defendant shall have been heard, judgment be rendered declaring that defendant Lino Padrón Rivera has usurped and unlawfully exercises the functions pertaining to the office of Secretary of the Capital in which he must forthwith cease, and for such further relief pronouncement as the court may deem proper and adequate, adjudging moreover the defendant to pay the costs, expenses, and counsel fees of the relator."

Subsequently, on the 15th of last May, the relator filed a petition which he entitled "Motion for a prohibitory order," in which, after stating that the Auditor and the Treas-

urer of the Government of the Capital, in the performance of their respective duties, intended to authorize and effect the payment to defendant Lino Padrón Rivera of the compensation assigned to the Secretary of the Capital, payable out of the public funds held and kept by said officials, he requested, as a provisional measure to prevent the unlawful disbursement to the defendant of the funds belonging to the Government of the Capital, to the prejudice of the relator, that an order be issued pursuant to the provisions of the Act to Secure the Effectiveness of Judgments, so as to prevent the payment to the defendant of the salary pertaining to the office of Secretary of the Capital, pending a final determination of his right or title to the same. After hearing the parties, the lower court, on the 19th of last month, issued an order directed to Juan Carreras, as Treasurer, and Rafael Cabrera, as the Auditor of the Government of the Capital, restraining them from effecting any payment to defendant Lino Padrón Rivera on account of salary as Secretary of the Capital pending a decision of this litigation or until further order of the court, upon the furnishing of a bond by the relator to answer to the defendant for any damage that might be caused to the latter by reason of the garnishment.

In support of his order, the judge of the lower court said:

"As there is no provision of law in our statutes similar to Section 936 of the Political Code of California, as the same was in force in 1891 or in its present form, which guarantees to a *de jure* officer the full payment of the salary pertaining to his office where he has been dispossessed of it or which authorizes the payment to the *de facto* incumbent thereof, we think that it is just and equitable to adopt some measure in order to protect the rights of the relator, whom thus far we are justified in considering as a *de jure* officer, as well as the rights of the People, by endeavoring to relieve the Government of the Capital from any future obligation to pay two salaries for the same office . . ."

Seeking to review the above order, Lino Padrón Rivera instituted the present certiorari proceeding. At a hearing

set for that purpose, where the petitioner and Mr. Castro, as intervener, were represented by counsel, oral arguments were made and, subsequently, extensive briefs were submitted by the parties on the question of whether it was proper to issue the order of attachment in the *quo warranto* proceeding. [1] We think that the primary and controlling question in this appeal is: Can the salary of a public officer be attached? The rule in this jurisdiction, as well as in the United States, is to the effect that the salaries of public officers are exempt from attachment. This rule is based on public policy, viz., that if such attachment were allowed, it would work to the great prejudice of the government to which such employee's services were rendered, as it is presumed that an employee so deprived of his salary would not work so efficiently as he would with the inducement of timely receiving compensation for his work.

In *Blanco* v. *Municipal Court*, 41 P.R.R. 533, a municipal court refused to decree the attachment of the salary of a government employee. On certiorari to the district court, the latter also refused to authorize the levy. The order of the district court discharging the writ of certiorari was affirmed by this court on the ground that such salary was exempt from attachment under the law.

Referring to this question it is said in 22 R.C.L. 547, section 247:

"ATTACHMENT OF EMOLUMENTS OF OFFICE.—The salary of a state officer in the hands of a disbursing agent of the government cannot as a rule be subjected to the payment of his debts by garnishment, nor can such proceedings be brought against a municipal corporation to attach the salaries of its public officers. This restriction does not necessarily depend on statutes to that effect although the common law is not infrequently supplemented by statutory directions exempting salaries of public officers from attachment. The real foundation of the rule which prevents the attachment of the salaries of public officers is found in considerations of public policy. The reasons usually assigned are that it might cripple the public service; that it

might drive the official out of office; that it might prevent him from earning a living; and that public interests and public convenience would suffer.''

██ Let us assume, for the sake of argument, that there is nothing to prevent the attachment of the salary of a public officer. Would such attachment be proper in the present *quo warranto* proceeding?

Section 1 of the Act to secure the Effectiveness of Judgments provides that—

"Every person who shall bring an action for the fulfillment of any obligation, may obtain an order from the court having cognizance of the suit providing that the proper measures be taken to secure the effectiveness *of the judgment as the case may require it, should it be rendered in his favor.''* (Italics ours.)

What kind of judgment would have to be rendered in the instant case if the action prosecuted should prosper? Let us see what the prayer for relief says:

''. . . judgment be rendered in which it be declared that respondent Lino Padrón Rivera has usurped and unlawfully exercises the functions pertaining to the office of Secretary of the Capital in which he must forthwith cease, *and for such other relief as the court may deem proper and adequate,* adjudging moreover the respondent to pay the costs, expenses and the counsel fees of the relator.'' (Italics ours.)

Neither from the allegations nor from the prayer of the *quo warranto* petition does it appear that the petitioner is seeking to recover within the present proceeding, any sum whatever as salary. If it be argued that the phrase ''and for such other relief as the court may deem proper and adequate,'' should be interpreted as a request for a pronouncement ordering the payment or return of salaries, despite the fact that the Government of the Capital is not a party defendant, even so the court could not make such pronouncement, as the same would not be authorized under Section 6 of the Act establishing *Quo Warranto* Proceedings (Sec. 645 of the Code of Civil Procedure, 1933 ed.). Said

section restricts the judgment to the ousting of the person from the office to which the petition refers and, at the discretion of the court, to adjudge him to pay a fine and ''the payment of the costs of the prosecutions.'' Said section 6 referred to by us reads as follows:

''In case any person or corporation against whom any such petition is filed is adjudged guilty, the court may give judgment of *ouster against such person* or corporation *from the office* or franchise, *and fine such person* or corporation *for usurping, intruding into, or unlawfully holding and executing such office* or franchise, *and also give judgment in favor of the relator for the costs of the prosecutions; Provided,* That instead of judgment of ouster from a franchise, the court may fine the person or corporation found guilty in any sum not exceeding five thousand dollars for each offense; *And provided, further,* That whenever a judgment is rendered by which the defendant is declared to have usurped any public office or to be unlawfully performing the duties thereof, said defendant shall immediately retire from said office and cease performing the duties thereof. If he should fail to do so, the Court on application of the Attorney General or of any person having an interest in said office, shall direct the issuance of final process to the marshal ordering him to oust the said defendant.''

As may be seen, the Act to Secure the Effectiveness of Judgments does not authorize the securing of a judgment which can not be rendered within the action. Upon the rendition of a judgment acknowledging the right of the relator to the office in controversy he may seek in another action the payment of such salaries as may due him, in the event that the same are not voluntarily paid by the Government of the Capital, and it would be within said action that he might secure a judgment ordering the payment of the unpaid salaries.

See in this respect 22 R.C.L. 719, par. 42.

The case of *Hayward* v. *Long,* 114 A.L.R. 1130, on which the relator relies, is not applicable herein. In the cited case a *de facto* officer holding a certain public office was being disturbed therein by another person who claimed to be the *de*

*jure* officer and sought to oust him from the office in question. The *de facto* officer applied for and obtained a writ of injunction against the *de jure* officer, enjoining him from disturbing the petitioner in the discharge of his duties, until such time as he, the defendant, should have established his right to the office in question, in a legal proceeding instituted for that purpose.

In the *Hayward* case, *supra,* there was no attachment and still less an attachment of salaries.

In our view, the order of the court below which has given rise to the present proceeding for review infringes both the Act to Secure the Effectiveness of Judgments and the one establishing the *quo warranto* proceedings, which does not authorize the judgment intended to be secured by said court.

For the reasons stated the petition for certiorari must be sustained and, consequently, the order made in the instant case on June 19, 1941, giving rise to the present appeal, must be set aside, and the original record in the *quo warranto* proceedings will be returned to the lower court for further proceedings not inconsistent with this opinion.